UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard Martinez,                            Case No. 4:21-cv-245

           Petitioner

      v.                                    MEMORANDUM OPINION
                                             AND ORDER

Warden Mark K. Williams,

           Respondent

*Pro se* Petitioner Richard Martinez ("Martinez) has filed an "Emergency Motion for Immediate Release" pursuant to 28 U.S.C. § 2241 and the All Writs Act. (Doc. No. 1.) For the following reasons, the Petition is dismissed without prejudice.

**I. Background**

Martinez is a federal inmate incarcerated at FCI Elkton ("Elkton"). He contends the conditions under which he is incarcerated at Elkton violate his rights under the Eighth Amendment. First, he contends he has a number of health issues (including "Hypertension, High Blood Pressure, Diabetes, Cholesterol, Chronic Pain and . . . Enlarged Prostate") for which Elkton's medical staff is failing to provide him adequate care. (*Id.* at 1.)

Second, he complains about Elkton's handling of the COVID-19 outbreak in the prison. He contends the "Warden/Staff did not take the proper precautions to secure [his] safety" from the virus, and he asserts he "is struggling to remain being COVID-free." (*Id.*)

He seeks "immediate release" release from prison. (*Id.* at 2.)

1

## II. Standard of Review

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded pro se pleadings applies to *habeas* petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## III. Law and Analysis

### A. Conditions of Confinement

Section 2241 grants federal courts the power to issue writs of *habeas corpus* to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate for claims challenging the execution or manner in which a prisoner's sentence is served. *Wilson v. Williams*, 455 F. Supp.3d 467, 475 (N.D. Ohio 2020) (Gwin, J.), *vacated on other grounds*, 961 F.3d 829 (6th Cir. 2020); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)) (stating that federal prisoners may use § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility).

Prisoners challenging the conditions of their confinement, however, must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *Grief v. Williams*, No. 4:19-CV-2450, 2019 WL 5864783, at *2 (N.D. Ohio Nov. 8, 2019) (citations omitted) (stating that a federal prisoner who desires to challenge the conditions of his confinement must file a civil rights action

under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement." Therefore, any claim that does not directly affect the fact or duration of the prisoner's confinement must be raised in a civil rights action.

Here, to the extent Martinez is challenging the medical care he is receiving at Elkton for his various health and medical conditions, he is not challenging the fact or duration of his confinement. Rather, he is asserting a challenge to the conditions of his confinement that must be raised in a civil rights action. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Accordingly, I will dismiss Martinez's action without prejudice to the extent it relates to Respondent's alleged failure to properly treat his various medical conditions. *See Smith v. United States*, No. 4: 19 CV 2162 (N.D. Ohio Jan. 22, 2020) (stating the district court cannot convert a *habeas* petition into a civil rights action to address petitioner's deliberate indifference to safety claim, and therefore, dismissing claim without prejudice).

   B.  **COVID-19 Conditions**

In *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020), the Sixth Circuit held that a sub-class of medically-vulnerable inmates incarcerated at Elkton with recognized risk factors for COVID-19 could bring a *habeas* action under § 2241 to challenge the COVID-19 conditions existing in the prison. The court held that the medically-vulnerable inmates could bring their challenge via § 2241, instead of civil rights action, because they had alleged that "no mitigation efforts" by the Bureau of Prisons (BOP) or Elkton officials other than release would be sufficient to protect them from the serious risks presented by COVID-19. *See id.* (underscoring the fact that, "[p]etitioners here ... contend that the constitutional violations occurring at Elkton [because] of the pandemic can be remedied only by release").

But, even assuming Martinez may properly challenge COVID-19 conditions existing at Elkton under § 2241, the Sixth Circuit's decision in *Wilson* demonstrates he has failed to state a

3

colorable claim.

In *Wilson*, the Sixth Circuit examined the conditions at Elkton in the context of a § 2241 action and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on the COVID-19 circumstances. 961 F.3d at 844. Specifically, the Sixth Circuit held that that the BOP had "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and, therefore, the inmates could not demonstrate the required subjective element of a constitutional deliberate indifference claim. *Id.* at 840. And the Court found that the BOP's "failure to make robust use of transfer, home confinement, or furlough" for prisoners at Elkton, including for medically vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "in light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844.

In light of the Sixth Circuit's decision in *Wilson*, Martinez's instant Petition does not allege a colorable claim. Martinez's § 2241 Petition relating to COVID 19 must be dismissed because the Sixth Circuit has already considered an essential element of a deliberate indifference claim based on similar allegations relating to COVID-19 – and published an opinion holding that the Respondent would likely prevail.

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant Rule 4 of the Rules Governing *Habeas Corpus* Cases. This dismissal is without prejudice to Martinez's re-filing a proper civil rights action challenging the medical care he is receiving at Elkton for health and medical conditions, and, to his re-filing a petition based on COVID-19 in the event there is a final judgment in *Wilson*, or other binding authority in this Circuit, suggesting a colorable Eighth Amendment claim.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                              s/ Jeffrey J. Helmick
                                              United States District Judge